**MISSOURI, K. & T. R. CO. v. STEPHENS.**

No. 22371. Opinion Filed Oct. 4, 1932.

Rehearing Denied Nov. 22, 1932.

M. D. Green, John E. M. Taylor, and Eric Haase, for plaintiff in error.

C. C. Hatchett, for defendant in error.

CULLISON, J. N. G. Stephens, as plaintiff, instituted suit against defendant railroad company seeking to recover for certain live stock alleged to have been injured

and killed by defendant's train. The parties will be referred to as they appeared in the trial court.

The record discloses that plaintiff was the owner of four head of mules. That he turned the mules loose in his pasture, and that they escaped from the pasture because of defective fence, then traveled across a tract of land lying between plaintiff's land and defendant's railroad, and entered defendant's railroad right of way through a gate in defendant's fence, which gate was means of entrance to a private crossing over defendant's railroad. While on defendant's right of way, three of the mules were killed and the fourth one injured.

Plaintiff instituted suit seeking to recover the value of the three mules killed and for damage to the mule injured by defendant's train. The case was tried to a jury and the verdict returned favorable to plaintiff. Defendant appeals to this court, and contends that it is not liable because plaintiff's live stock escaped from his own enclosure because the fence was defective, and that the live stock entered defendant's railroad right of way through a private gate, and that defendant is not liable because said live stock entered through an open private gate.

Defendant further contends that, under the rules adopted in Kansas and Texas, it would not be liable in this case, and that such ruling should be adopted in this state. However, in the case of St. Louis & S. F. R. Co. v. Williams, 31 Okla. 450, 122 P. 152, this court first established the doctrine relative to such cases as the case at bar. In the case just cited, this court announced the following rules:

"Statutes requiring railways to fence their rights of way are passed in pursuance of the police powers of the state, and are for the benefit of the whole public, and are not intended merely for the protection of adjoining landowners, unless it clearly appears from the language used that it was the intention of the Legislature to protect only such owners.

"In the absence of statute or agreement to the contrary, a railroad company must exercise reasonable care to see that the gates or bars at private or farm crossings are kept closed: the duty being included in that of maintaining a sufficient fence of which the gates or bars constitute a part. And, if the gates or bars are properly constructed and are left open by the landowner or by strangers without the knowledge of the company, it will not ordinarily be liable, the company being entitled to a reasonable time to discover that they are open and to close them: but the company will be liable if they have remained open for such

length of time that it should in the exercise of reasonable care have discovered their condition."

Under the rule just quoted, this court holds that the law requiring railroads to fence their right of way is for the benefit of the whole public and not intended merely for the protection of landowners adjoining the railroad right of way.

In the case at bar, defendant contended that since plaintiff's property did not touch defendant's right of way. but that there was property between plaintiff and defendant's right of way, and that plaintiff's live stock trespassed over said property lying between plaintiff's property and defendant's right of way, it did not owe the same duty to plaintiff as would have been owed to an adjoining owner.

The rule in the Williams Case, announced supra, is contrary to defendant's contention, and we see no good reason in departing from said rule since it has been announced by this court for many years and followed since being announced by the court.

The second question for our consideration is the question of whether or not there was liability on the railroad company because the live stock entered through a gate leading to a private crossing. The testimony on this question was in conflict. There was testimony indicating that the gate had remained open at different times prior to the date of the accident. There was also testimony that the gate was closed the day before the accident.

We think the proper rule is that, where a gate leading to a private crossing is opened by the landowner for whom it is constructed, or by trespassers and permitted to remain open, there would be no liability on the railroad company until such time had elapsed as to cause the same to be brought to the attention of the railroad company and they permitted the same to remain open.

The railroad company is not charged with maintaining a watchman to keep all private gates closed so as to protect the individual's live stock and restrain the same from going upon defendant's right of way through carelessness or negligence of the adjacent owners in leaving said gate open. But after such time has elapsed as to give the defendant notice that said gate is open, then defendant would be liable if they permitted the same to remain open.

This question was submitted to the jury in the case at bar, and the jury found favorably to plaintiff.

There is evidence in the record sufficient

to support the verdict of the jury, and where there is evidence sufficient to support the verdict of the jury, this court will not reverse the same for want of sufficient evidence.

After fully considering said cause, we hold that the judgment of the lower court should be affirmed.

RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and ANDREWS, J., absent.